The bill of complaint in this case was filed to foreclose a mortgage held by the plaintiff.
The defenses of fraud set up in the answer of Florence Rillo, wife of Michael Rillo, owner of the fee, were abandoned at the time of hearing.
The sole question before me concerns the priority between a judgment obtained by Florence Rillo against her husband, Michael Rillo, in a separate maintenance action and a third mortgage held by Charles W. Goodfield. The judgment was entered on October 5, 1948 and awarded Mrs. Rillo counsel fees in the amount of $200.00 plus taxed costs of $79.30. Thereafter, an amendment of said judgment was entered on December 1, 1948 in the amount of $660.00. The third mortgage of Goodfield is in the sum of $2,200.00. The mortgage was executed on November 3, 1948 and recorded November 4, 1948.
The wife contends that the entry of her judgment entitles her to priority over the third mortgage inasmuch as such judgment, since September 15, 1948, takes on the characteristics of any other judgment entered in the Superior Court and by its entry, ipso facto, becomes a lien on the lands of the judgment debtor. Goodfield, the holder of the third mortgage disputes this contention and asserts that the former practice of docketing decrees in the Supreme Court has not been changed by rule or statute since September 15, 1948.
In Madden v. Madden, 136 N.J. Eq. 132, the Court of Errors and Appeals adopted an opinion by Advisory Master Herr, who said at page 136:
"In this state arrearages of alimony do not become vested in the former wife or take on the attributes of a judgment for the payment of a fixed sum until this court so orders."
In the case of Duffy v. Duffy, 19 N.J. Misc. 332, 336, the same Advisory Master said: *Page 270 
"In this state executions to collect arrears of alimony or maintenance issue out of Chancery only, upon the special order of the Chancellor. R.S. 2:29-58; N.J.S.A. 2:29-58, provides that an abstract of a Chancery decree may become a lien on lands if filed and recorded in the Supreme Court, but it has been held that a decree for alimony payable in future installments is not such a money decree as will provide the basis of a lien. An order fixing the arrearages must be secured, and an abstract of such order filed and recorded."
The attorney for the wife admitted that the abstract of the judgment had not been filed and recorded in accordance with the provisions of R.S. 2:29-58. Although requested by me, the said attorney has not furnished any authority or have I been able to find such authority dispensing with this requirement before a judgment becomes a lien on lands. I am of the opinion, therefore, that there is no merit in her contention.
The first and second mortgagees will be entitled to priority of liens in that order. The lien of the third mortgage will be subject to the right of dower of the wife, Florence Rillo.
I shall sign a judgment in accordance with the views above expressed.